IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER SHOUSE, ALBERT LACHOWICZ ex rel. JENNIFER PAXON, and AMY LINDE on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>NATIONAL CORRECTIVE GROUP, INC., (d/b/a "CORRECTIVE SOLUTIONS"), LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, LP., and LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC,<br><br>and<br><br>ANDREW J. JARBOLA III, Lackawanna County, Pennsylvania District Attorney,<br><br>Defendants | CIVIL ACTION NO. 3:10-CV-0175<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court are Defendants Levine Leichtman Capital Partners, Inc. And Levine Leichtman Capital Partners III, L.P. (collectively "LLCP") Motions for Reconsideration and for a Protective Order (Docs. 92 and 99). LLCP has also requested oral argument on the Motion for Reconsideration (Doc. 97), but the Court finds that oral argument is not necessary for the Court to render its decision. For the reasons stated below, the Motion for Reconsideration and the Motion for a Protective Order will be denied.

**BACKGROUND**

The factual background of the instant suit need not be addressed in order to analyze

the motions at bar.  Plaintiff Jennifer Shouse filed the instant suit as a purported class action on January 25, 2010, (Doc. 1) and amended her Complaint on April 19, 2010 (Doc. 25).  In her Amended Complaint, Shouse brought claims for violations of the RICO statute (Count I), the Fair Debt Collection Practices Act ("FDCPA") (Count II), the Fair Credit Extension Uniformity Act (Count III); the Unfair Trade Practices and Consumer Protection Law (Count IV); 42 U.S.C. § 1983 (Counts V and VI), the Pennsylvania Constitution (Count VII), Negligent Misrepresentation (Count VIII), and Unjust Enrichment (Count IX).  Defendants then filed Motions to Dismiss.  NCG, in their Brief in Support of their Motion to Dismiss, (Doc. 36), argues that they are immune from suit under an exception to the Fair Debt Collection Practices Act that shields them from liability.  They also argue that Shouse has not pled enough facts to make out a legally cogent claim for a violation of her rights under federal law.  D.A. Jarbola, in his Brief in Support of his Motion to Dismiss, (Doc. 31) argues that he is immune from suit on absolute and qualified immunity grounds.  In their Brief in Support of their Motion to Dismiss, (Doc. 72) LLCP and LLCP III argued that the Court cannot validly exercise person jurisdiction over them.  In its November 30, 2010 Order, the Court granted Plaintiffs limited jurisdictional discovery before deciding LLCP and LLCP III's Motion to Dismiss. (Doc. 85.)  Discovery was to be limited to: (1) the nature and extent of Defendants LLCP and LLCP III's "awareness" of Defendant NCG's business practices in Pennsylvania; (2) Defendants LLCP and LLCP III's role in the creation of Defendant NCG; and (3) what Defendants LLCP and LLCP III knew about the nature of ACCS's business and its practices when LLCP III put up the original financing for Equity Pacific Advisors purchase of ACCS in 2004.

      LLCP then filed a Motion for Reconsideration on December 17, 2010. (Doc. 92.)

LLCP contends that the Court should reconsider its November 30, 2010 Order and grant LLCP's Federal Rules of Civil Procedure 12(b)(1) Motion to Dismiss for Lack of Personal Jurisdiction because the Court failed to give sufficient weight to the Affadavit of Stephen J. Hogan and the parameters set by the Court for jurisdictional discovery were erroneous.

### **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

I.  **LLCP's Motion for Reconsideration**

LLCP's Motion for Reconsideration will be denied because neither the Court's failure to discuss the Hogan Affadavit in its prior Memorandum nor the parameters it set on the jurisdictional discovery were clear errors of law.

A court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction. *Streamlight, Inc. v. ADT Tools, Inc.*, No. Civ. A. 03-1481, 2003 WL 22594316, at *4 (E.D.Pa. Oct.9, 2003) (citations omitted). Jurisdictional discovery is typically allowed unless the plaintiff's claim is "clearly frivolous." *Mass. School of Law at Andover, Inc. v. Am. Bar Assoc.*, 107 F.3d 1026, 1042 (3d Cir.1997). "Parties are entitled to a fair opportunity to engage in jurisdictional discovery to obtain facts necessary for thorough consideration of the [jurisdictional] issue." *S. Ocean Seafood Co. v. Holt Cargo Sys., Inc.*, No. 96-5217, 1997 WL 539763, at *8 (E.D.Pa. Aug.11, 1997) (citing *Fed. Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1285 n. 11 (3d Cir.1993). A court can deny jurisdictional discovery where the party that bears the burden of establishing jurisdiction fails to establish a "threshold prima facie showing" of personal jurisdiction. *See S. Ocean Seafood Co.*, 1997 WL 539763, at *8. On the other hand, if a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," the plaintiff's right to conduct jurisdictional discovery should be sustained. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.2003).

Here, the Court found that the specific allegations contained in Plaintiffs' Amended Complaint with respect to LLCP's history and dealings with NCG established a threshold

4

prima facie showing of personal jurisdiction. The Hogan Affidavit does offer evidence to refute a theory of personal jurisdiction based on either an "alter-ego" theory or a general minimum contacts analysis. However, it does not address the allegations underlying Plaintiffs' claims that the Court has personal jurisdiction over LLCP because the latter is a co-conspirator of NCG, a "debt collector" under the Fair Debt Collection Practices Act, and\or the national service of process provision of the RICO statute. Furthermore, the parameters for jurisdictional discovery laid out in the Court's prior order were designed only around those three theories and were meant to prevent any merits-based discovery or "fishing expedition." As a result, LLCP's Motion for Reconsideration will be denied.

## II.    LLCP's Motion for a Protective Order

Since the Court's ruling on the Motion for Reconsideration has made LCCP's Motion to Stay Discovery moot, the Court will next address LLCP's Motion for a Protective Order (Doc. 99). This Motion will be denied.

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a "court may, for good cause, issue an order to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). "It is well established that the party wishing to obtain a protective order bears the burden of demonstrating that 'good cause' exists for the order." *Saldi v. Paul Revere Life Ins*. Co., 224 F.R.D. 169, 175 (E.D.Pa.2004) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994)). In addition to bearing the burden to show good cause, the party moving for a protective order must demonstrate such cause with specificity "beyond bald assertions of harm for each specific request that it wants protection from." *Saldi*, 224 F.R.D. at 196. To make a showing of good cause, the party seeking confidentiality has the burden of showing the injury "with specificity." *Pearson*

5

*v. Miller*, 211 F. 3d 57, 73 (3d Cir. 2000)(quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984).

Here, LLCP claims that a protective order is necessary to prevent the Plaintiffs from engaging in merits-based discovery. The Court does not agree. Looking at the interrogatories and discovery requests propounded by the Plaintiffs, the Court finds that they adhere to the specific parameters relating to the personal jurisdiction issue outlined by the Court in its prior Opinion and do not seek merits-based discovery. Defendants have failed to show that 'good cause' exists for granting a protective order, and therefore their request will be denied.

## **CONCLUSION**

For the foregoing reasons LLCP's Motions for Reconsideration and for a Protective Order (Docs. 92 and 99) will be denied. Plaintiff will have sixty (60) days to complete jurisdictional discovery, and, following the close of that discovery, the parties will have twenty-one (21) days to each file one optional supplemental brief before the Court makes its ruling on the Defendants' 12(b)(1) Motion. An appropriate order follows.


 4/12/11  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER SHOUSE, ALBERT LACHOWICZ ex rel. JENNIFER PAXON, and AMY LINDE on their own behalf and on behalf of all others similarly situated, | CIVIL ACTION NO. 3:10-CV-0175 |
| Plaintiffs | (JUDGE CAPUTO) |
| v. | |
| NATIONAL CORRECTIVE GROUP, INC., (d/b/a "CORRECTIVE SOLUTIONS"), LEVINE LEICHTMAN CAPITAL PARTNERS, INC., LEVINE LEICHTMAN CAPITAL PARTNERS III, LP., and LEVINE LEICHTMAN CAPITAL PARTNERS III, LLC, | |
| and | |
| ANDREW J. JARBOLA III, Lackawanna County, Pennsylvania District Attorney, | |
| Defendants | |

## ORDER

**NOW**, this __12th__ day of April, 2011, **IT IS HEREBY ORDERED** that the Motions for Reconsideration and for a Protective Order (Docs. 92 and 99) brought on behalf of Defendants Levine Leichtman Capital Partners, Inc. and Levine Leichtman Capital Partners III, L.P. (collectively "LLCP") are **DENIED**. Plaintiffs will have **sixty (60) days** from the filing of this Order to conduct jurisdictional discovery. Both parties will then have **twenty-one (21) days** following the close of the discovery period to each file an optional supplemental brief before the Court makes its ruling on Defendants' Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(1).

          /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge